UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DWAYNE ROBISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-2292 DDN |
| | ) |
| KENNETH HOVIS, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Dwayne Robison for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $2.33. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below the Court will dismiss this action as duplicative and for failure to state a claim. 28 U.S.C. § 1915.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion to proceed in forma pauperis, plaintiff has submitted a certified inmate account statement. The account statement shows an average monthly deposit of $11.67. The Court will therefore assess an initial partial filing fee of $2.33, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the

plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff is a pro se litigant who is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC") in Bonne Terre, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. He names the following individuals as defendants in this action: Kenneth Hovis (Functional Unit Manager, Farmington Correctional Center ("FCC")); Jeannette Upchurch (Case Manager, FCC); Charles Helms; Karen Salemen[1] (Qualified Mental Health Practitioner, FCC) and Lisa Sanderson (Chief of Mental Health at Potosi Correctional Center ("PCC")). Defendants are sued in both their official and individual capacities.

Plaintiff has included claims relating to three separate prisons – ERDCC, FCC, and PCC, and he has brought more than three separate (3) claims against five (5) defendants. Additionally, he has filed fifteen (15) actions in this Court since May 2, 2019.[2] Many of his claims are duplicative

---

[1] Plaintiff has referred to this defendant at various times as Salsmen and at later times as Salemen.
[2] *Robison v. Ivy,* No. 4:19-CV-1180 NAB (E.D.Mo); *Robison v. Sanderson,* No. 4:19-CV-1182 AGF (E.D.Mo.); *Robison v. McIntyre*, No. 4:19-CV-1870 DDN (E.D.Mo); *Robison v. Sanderson*, No. 4:19-CV1871 JMB (E.D.Mo.); *Robison v. Hovis*, No. 4:19-CV-1872 NAB (E.D.Mo); *Robison v. Lawson,* No. 4:19-CV-2013 (E.D.Mo); *Robison v. Hovis,* No. 4:19CV-2292 DDN (E.D.Mo); *Robison v. Salemen,* No. 4:19-CV-2368 JCH (E.D.Mo); *Robison v. Sanderson,* No. 4:19-CV-2480 SPM (E.D.Mo); *Robison v. Norman,* No. 4:19-CV-2642 AGF (E.D.Mo); *Robison v. Salsman,* No. 4:19-CV-2665 SNLJ (E.D.Mo); *Robison v. Koyn,* No. 4:19-CV-2666 SNLJ (E.D.Mo); *Robison v.*

3

actions against the same or similar defendants. At least nine of which have already been dismissed by this Court.

The claims contained in the instant complaint are duplicative, almost exactly, of the claims brought against defendants in *Robison v. Sanderson,* No.4:19-CV-1182 AGF (E.D.Mo). In that case, plaintiff alleged that he was being punished as a transgender individual by being placed in a single-man cell. He brought his original case against defendants Lisa Sanderson, Elizabeth Atterberry and Kay McIntyre. Plaintiff's amended pleading, however, named McIntyre, Kenneth Hovis, Ashley Eastmen, Karen Salemen and Lisa Sanderson.

The amended complaint also accused defendants of harassing him and making inappropriate statements about his sexuality, in addition to plaintiff's claims regarding his desire for a two-man cell. Plaintiff alleged that defendant Hovis slandered him with relation to his race, national origin, and his sex, as well as improperly processed his grievances. Plaintiff brings these same allegations in this lawsuit. The Court dismissed plaintiff's action for failure to state a claim. *See Robison v. Sanderson,* No. 4:19-CV-1182 AGF (E.D.Mo).

In *Robison v. Salsmen,* No. 4:19-CV-2665 SNLJ (E.D.Mo), plaintiff alleged that defendant Karen Salsmen violated his rights when she refused to take him off sing-man cell status and place him in a two-man cell. After a thorough review of plaintiff's complaint, the Court dismissed plaintiff's action for failure to state a claim. *Id.*

## The Complaint

Plaintiff's complaint is somewhat difficult to read and understand. From what the Court can discern, plaintiff is accusing defendants of harassing him and making inappropriate statements about his sexuality. Many of these statements apparently came in relation to plaintiff's desire to

---

*Hanna,* No. 4:19-CV-3216 JCH (E.D.Mo); *Robison v. Sanderson,* No. 4:19-CV-3223 RLW (E.D.Mo); *Robison v. Kopp*, No. 4:20-CV-170 JAR (E.D.Mo).

be in a two-man cell. He further believes that he is constitutionally entitled to placement in a two-man cell, rather than a single-man cell.

As to defendant Hovis, plaintiff claims that Hovis would "slander and discriminate against" him on the basis of characteristics such as his race, color, national origin, and sex." He states that Hovis made harassing statements and improperly processed grievances. Plaintiff also accuses Hovis of making "smart comments" when he asked him questions, and of using homosexual slurs against him. He alleges that defendants Sanderson and Hovis, told other inmates in administrative segregation that he had been raped, but this comment was a lie.

Plaintiff states that defendant Salemen is a qualified mental health practitioner at Farmington Correctional Center. He alleges that he has asked Salemen "numerous times to be taken off single man" cell status because he has never "had any problems with any offenders in Administrative Segregation." According to plaintiff, Salemen told him that she would talk to staff, but there has been no result. Plaintiff states that he has done everything that staff has asked of him, yet Salemen advised him that the decision to keep him in a single-man cell came "from the boss at Jefferson City." At a different point in the complaint, plaintiff claims that Salemen told him she cannot put him in a two-man cell "due to [him] being a transgender."

Attached to plaintiff's complaint is an informal resolution request (IRR), an IRR response, a grievance response, an offender grievance appeal, and an offender grievance appeal response.[3] In his IRR and offender grievance appeal, plaintiff complains about being "isolated" and "segregated" in a single-man cell. According to the grievance response, plaintiff has been placed on single-man cell status because of his "history of mental health issues, suicide attempts, [and] self reported sexual activities." The grievance response also notes that plaintiff has self-reported

---

[3] The Court will treat these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

feeling "vulnerable and weak" and having difficulties with cellmates once plaintiff reveals his sexual orientation and that he is transgender.

As a result of being confined in a single-man cell, plaintiff states that he has suffered emotional distress and chest pain. Plaintiff is seeking damages.

**Discussion**

Plaintiff brings this pro se civil action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights by keeping him in a single-man cell. Plaintiff also alleges that defendants' Sanderson's and Hovis' comments about him were unconstitutional. Plaintiff has not, however, made any specific allegations against defendants Helms or Upchurch. For the reasons discussed below, this action must be dismissed for failure to state a claim.

**A. Official Capacity Claim Against Defendants**

Plaintiff has sued defendants Sanderson, Hovis and Salemen in their official capacities. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). As such, in order to prevail on

this claim, plaintiff must establish the governmental entity's liability for the alleged conduct. *See Kelly*, 813 F.3d at 1075.

Plaintiff has not specifically identified the employer of defendant Salemen. In the space provided to name Salemen's employer, plaintiff has written "Mental Health Counselor." (Docket No. 1 at 2). The address he provides is for the Farmington Correctional Center. Based on this information, it is unclear whether Salemen is employed by the Missouri Department of Corrections or by a private entity, such as Corizon, that is contracted to provide health services to the prison. Similarly, defendant Sanderson is identified as the Chief of Mental Health at PCC. In either event, plaintiff has failed to state a claim. [4]

If Salemen and Sanderson are employees of the Missouri Department of Corrections, plaintiff's claim fails because the State of Missouri is not a "person" for purposes of 42 U.S.C. § 1983. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983").

If Salemen and Sanderson are employees of a private entity, plaintiff's claim fails because he asserts no allegations against that entity - Corizon. "A corporation acting under color of state law cannot be liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880

---

[4] It is clear that Hovis is an employee of the Missouri Department of Corrections, as he is identified as a Functional Unit Manager. As noted above, the State of Missouri is not a person under § 1983.

(8th Cir. 2007). Rather, to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983"). Here, there is no indication that Salemen's employer inflicted an actionable injury, whether by policy, custom, or official action.

Whether Salemen and Sanderson are employees of the Missouri Department of Corrections, or a private healthcare provider contracted by the Missouri Department of Corrections, plaintiff has failed to state an official capacity claim. Therefore, such claims must be dismissed.

**B. Individual Capacity Claim Against Defendants Salemen, Sanderson and Hovis**

As noted above, plaintiff's allegations against defendants Salemen, Sanderson and Hovis are duplicative of plaintiff's previously dismissed actions against defendants. *See Robison v. Sanderson,* No.4:19-CV-1182 AGF (E.D.Mo) and *Robison v. Salsmen,* No. 4:19-CV-2665 SNLJ (E.D.Mo). A 28 U.S.C. § 1915(e)(2)(B) dismissal "has res judicata effect 'on frivolousness determinations for future *in forma pauperis* petitions.'" *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (*per curiam*) (citing *Denton v. Hernandez*, 504 U.S. 25 (1992)); *see also Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions). Accordingly, this Court determines the § 1915(e)(2)(B) dismissal of the two prior cases have res judicata effect and establishes that this second, nearly identical complaint is frivolous for § 1915(e) purposes. The Court will therefore dismiss the complaint as frivolous under § 1915(e).

Additionally, the Court notes that plaintiff's claims that defendants violated his rights by keeping him in a single cell fails to state a claim under the Eighth Amendment.[5]

Confinement in an isolation cell is a form of punishment subject to scrutiny under the Eighth Amendment. *Hutto v. Finney*, 437 U.S. 678, 685 (1978). To establish a conditions of confinement claim under the Eighth Amendment, a prisoner must demonstrate (1) that the alleged deprivation was "objectively, sufficiently serious" to result in the "denial of the minimal civilized measure of life's necessities," and (2) that the defendant whose act or omission caused the alleged constitutional deprivation behaved with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). With respect to the "civilized measure of life's necessities," prison officials are required to ensure that inmates receive adequate clothing, food, shelter, and medical care. *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998).

Plaintiff's claim that he was kept in a single man cell does not, without more, amount to a violation of the Eighth Amendment, because there are no allegations that placement on single-man cell status stripped him of the "civilized measure of life's necessities." That is, there are no allegations that plaintiff's single-man cell status resulted in inadequate food, clothing, shelter, or medical care. There is also no indication that plaintiff lost any privileges, such as exercise time or visitation, or that his access to mail or phone calls was restricted. Plaintiff has also not shown that the time period spent in a single-man cell was excessive. *See Orr v. Larkins*, 610 F.3d 1032, 1033-

---

[5] As noted above, plaintiff's claims against Sanderson and Hovis relate only to their alleged dislike of transgendered individuals and namecalling. Name calling is not a constitutional violation for purposes of an action pursuant to 42 U.S.C. § 1983. *Martin v. Sargent,* 780 F.2d 1334, 1339 (8th Cir. 1985). *See also Ellingburg v. Lucas,* 518 F.2d 1196, 1197 (8th Cir. 1975) (stating that an inmate cannot recover damages for defamation under § 1983 "because a defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States"). Moreover, even threatening comments are not actionable under § 1983. *See Hopson v. Fredericksen,* 961 F.2d 1374, 1378 (8th Cir. 1992) (stating that, in general, "mere verbal threats made by a state-actor do not constitute a § 1983 claim"). Therefore, defendants' alleged comments towards plaintiff do not state a constitutional violation and must be dismissed.

34 (8th Cir. 2010) (stating that nine months in administrative segregation did not constitute an atypical and significant hardship).

Plaintiff does allege having mental health issues, and placement of a mentally ill inmate into prolonged administrative segregation may have Eighth Amendment implications. *See Hamner v. Burls*, 937 F.3d 1171, 1178-79 (8th Cir. 2019). However, the Court notes that plaintiff has not presented any facts demonstrating that his mental health needs were not being met, or that his condition worsened solely because he was in a single-man cell. Indeed, plaintiff's own allegations, as well as the grievance appeal response he has attached to the complaint, show that he was placed in a single-man cell due to his past behavior and to keep him safe from other inmates. The Court also notes that plaintiff does not allege that his "isolated confinement" has kept him from all contact with other inmates. To the contrary, plaintiff states that even though he is on a "single hold," he is allowed to go to the yard. For these reasons, plaintiff has not stated a claim of cruel and unusual punishment under the Eighth Amendment.

Likewise, plaintiff has not stated a claim under the Fourteenth Amendment. The determination of whether prison officials denied an inmate due process involves a two-step inquiry. *Williams v. Hobbs*, 662 F.3d 994, 1000 (8th Cir. 2011). First, a plaintiff must demonstrate that he or she was deprived of life, liberty, or property by government action. *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). *See also Beaulieu v. Ludeman*, 690 F.3d 1017, 1047 (8th Cir. 2012) (stating that a court "need reach the question of what process is due only if the inmates establish a constitutionally protected liberty interest"); and *Singleton v. Cecil*, 155 F.3d 983, 987 (8th Cir. 1998) (explaining that to claim a due process violation, plaintiff has to be deprived of either life, liberty, or property, otherwise "it does not matter whether one has received due process

or not"). Once it has been established that a liberty interest exists, the process necessary to protect that interest must be determined. *Williams*, 662 F.3d at 1000.

Because life or property is not at issue in this case, plaintiff must identify a liberty interest to sustain a due process claim. *See Phillips*, 320 F.3d at 847. To that end, the United States Supreme Court has determined that prisoners have a protected liberty interest in avoiding conditions of confinement that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Plaintiff has not demonstrated that his placement into a single-man cell is an "atypical and significant hardship." As explained above, there are no allegations that plaintiff's confinement in a single-man cell had any ramifications for him beyond not having a cellmate. There are no allegations that his single-man cell status led to him receiving inadequate food, clothing, shelter, or medical care. There are also no allegations that he lost any privileges or good time credit due to his status. Plaintiff also does not allege that his placement in a single-man cell amounted to solitary confinement. That is, he acknowledges being allowed to go to the yard, and does not assert that he is prohibited from interacting with other inmates. Since plaintiff has not demonstrated that being in a single-man cell is an atypical and significant hardship relative to ordinary prison life, he has not stated a claim under the Fourteenth Amendment.

To the extent that plaintiff has raised a claim of deliberate indifference to his mental health needs, that claim would also be subject to dismissal. Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). This principle extends to an inmate's mental health needs. *Smith v. Jenkins*, 919 F.2d 90, 92-93 (8th Cir. 1990).

To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997). In order to establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner*, 937 F.3d at 1177. "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

To prevail under this standard, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). As such, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). Thus, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

In his complaint, plaintiff vaguely contends that Salemen caused him mental instability and depression, apparently in reference to her decision not to remove him from single-man cell status. This is not sufficient to state a claim of deliberate indifference against defendant Salemen. Nothing in the complaint indicates that Salemen knew of and disregarded a serious mental health need, or that she delayed or denied care, or that she interfered with plaintiff's treatment or medication.

Rather, plaintiff argues that Salemen is liable for keeping him in a single-man cell. There are no facts, however, to support the proposition that any decision by Salemen to keep plaintiff in a single-man cell was an action "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." To the contrary, plaintiff's own exhibits demonstrate that plaintiff was placed in a single-man cell because of his mental health circumstances, in order to keep him safe. Therefore, plaintiff has failed to state a claim of deliberate indifference to his mental health needs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $2.33 within twenty-one days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #2] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this __10th__ day of __March_____, 2020.

                                                \s\ Jean C. Hamilton
                                                JEAN C. HAMILTON
                                                UNITED STATES DISTRICT JUDGE